IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| EBONY DAVIS, an individual,<br><br>　　　　　　Plaintiff,<br>v.<br><br>DAVIS COUNTY SCHOOL DISTRICT, a county school district, and ROBERT REISBECK, an individual,<br><br>　　　　　　Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS<br><br>Case No. 1:24-cv-190-TS-DAO<br><br>Judge Ted Stewart |

This matter comes before the Court on a Partial Motion to Dismiss filed by Defendants Davis School District ("the District")[1] and a Motion to Dismiss filed by Defendant Robert Reisbeck ("Coach Reisbeck").[2] For the reasons discussed below, the Court will grant both Motions.

I. BACKGROUND

This action relates to Title VI and § 1983 claims brought by Plaintiff Ebony Davis, a student, against the District and Coach Reisbeck (collectively, "Defendants"). The following facts are alleged in the Complaint.

On September 15, 2021, the United States Department of Justice ("DOJ") issued a Notice of Findings of Race Discrimination in the Davis School District[3] based on a comprehensive

---

[1] Docket No. 15.

[2] Docket No. 16.

[3] Docket No. 2-2.

study of the District's policies and past actions regarding students of color.[4] The DOJ found that the District was deliberately indifferent to known student harassment based on race, that the District's discipline practices violated Black students' equal protection rights, and that the District violated the Equal Protection Clause when it prevented Black students from forming student groups.[5]

Based on the DOJ's findings, the District and the government entered into a Settlement Agreement, which required the District to "take all necessary and reasonable steps, consistent with Federal law, to end racial harassment, prevent its recurrence, eliminate any racially hostile environment that currently exists in its schools, programs, and activities, and remedy its effects."[6] Among other things, these steps included implementing a Professional Development Program to train District staff about identifying and reporting harassment and an Engagement Plan to provide similar training to students.[7] Although the Professional Development Program was to be implemented by August 20, 2022, and the Engagement Plan was to be put in place by the 2022–2023 school year, the District's schoolboard (the "Board") learned in a public memorandum that the District had still not implemented the programs by August 2023.[8]

Plaintiff was a student athlete at Layton High School, which is within the District.[9] The Complaint alleges that starting in junior high and continuing into high school, Plaintiff, who is

---

[4] Docket No. 2 ¶¶ 6–9.

[5] *Id.* ¶ 10.

[6] *Id.* ¶ 12; Docket No. 2-3.

[7] Docket No. 2 ¶ 16; Docket No. 2–3, at 13–15.

[8] Docket No. 2 ¶¶ 15.

[9] *Id.* ¶ 17.

Black, was racially harassed at school by other students.[10] The Complaint also alleges she experienced harassment by her former basketball coach, Coach Reisbeck, who she states made racist and discriminatory comments related to her race, including comments about her hair, socioeconomic status, Black History Month, and other racially-charged topics.[11] Plaintiff experienced anxiety because of these comments and decided that, to avoid Coach Reisbeck, she would allow her good grades to fall below the required 2.0 GPA so she would be removed from the basketball team.[12] After her grades dropped, she was removed from the team and did not play basketball in high school again.[13]

Meanwhile, an assistant coach reported Coach Reisbeck's racially-charged comments and behavior to the assistant principal, who delayed reporting Coach Reisbeck's behavior to the District's Office of Equity.[14] After the report was made to the District's Office of Equity, the Office issued findings on April 11, 2024, that Coach Reisbeck had intentionally engaged in racial harassment against Plaintiff.[15] He was later disciplined with a written reprimand and transferred to a different position.[16]

On November 18, 2024, Plaintiff filed her Complaint alleging intentional discrimination in violation of Title VI (First Cause of Action) against the District, and violation of the United States Constitution under § 1983 (Second Cause of Action) against both the District and Coach

---

[10] *Id.* ¶¶ 19–20, 22.
[11] *Id.* ¶¶ 23–28.
[12] *Id.* ¶¶ 30, 33.
[13] *Id.* ¶ 33.
[14] *Id.* ¶¶ 31–32.
[15] *Id.* ¶ 33
[16] *Id.* ¶¶ 34–35.

Reisbeck. On January 27, 2025, the District and Coach Reisbeck filed their respective Motions to Dismiss. Both Defendants seek dismissal of Plaintiff's Second Cause of Action.

## II. LEGAL STANDARD

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[17] Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face,"[18] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[19] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[20]

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[21] As the Court in *Iqbal* stated,

> only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.[22]

---

[17] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[18] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[19] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[20] *Id.* (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original).

[21] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[22] *Iqbal*, 556 U.S. at 679 (internal citations, quotation marks, and alterations omitted).

III.  DISCUSSION

42 U.S.C. § 1983 creates a remedy for the deprivation of "rights, privileges, or immunities secured by the Constitution and laws" of the United States under color of state law or regulation.[23] "To establish a claim for damages under § 1983 against municipal entities or local government bodies, the plaintiff must prove (1) the entity executed a policy or custom (2) that caused the plaintiff to suffer deprivation of constitutional or other federal rights."[24]

Although not a model of clarity, Plaintiff's Second Cause of Action appears to assert claims based on freedom of association and deprivation of a property interest in violation of due process.

The Tenth Circuit has held that "[t]he supervision and regulation of high school athletic programs remain within the discretion of appropriate state boards, and are not within federal cognizance under 42 U.S.C. § 1983 unless the regulations deny an athlete a constitutionally protected right or classify him or her on a suspect basis."[25]

Plaintiff claims the District's racist environment, which pushed her to leave the basketball team, violated her freedom of association. The Supreme Court has ruled that the First Amendment, and by extension the Fourteenth Amendment, protects two types of freedom of association: intimate associations, which include familial and other close relationships; and expressive associations, which, coupled with the freedom of speech, includes "a right to

---

[23] 42 U.S.C. § 1983.

[24] *Moss v. Kopp*, 559 F.3d 1155, 1168 (10th Cir. 2009) (citation omitted).

[25] *See Albach v. Odle*, 531 F.2d 983, 985 (10th Cir. 1976) (holding that a school district regulation that required transfer students to wait one year before playing did not deprive students of a constitutional right).

associate with others in pursuit of a wide variety of political, social, economic, educational, religious, and cultural ends."[26] Although "expressive association is not reserved for advocacy groups . . . to come within its ambit, a group must engage in some form of expression, whether it be public or private."[27] "It is possible to find some kernel of expression in almost every activity a person undertakes . . . but such a kernel is not sufficient to bring the activity within the protection of the First Amendment."[28] The Supreme Court has recognized that civic organizations undertake expressive association when they promote certain values and ideals. For example, the Supreme Court found there was expressive association within a civics club that performed community service[29] and the Boy Scouts of America, whose motto indicates a purpose to foster positive values in young people,[30] but has denied such classification for a dance hall where there were no membership requirements and attendees did not take a "position on public questions."[31]

The Complaint does not allege that Plaintiff attempted to engage in advocacy for education, or any other type of advocacy, throughout her time on the basketball team. Instead, Plaintiff's association with her basketball team is more like the social connections at the dance hall. Plaintiff does not provide any legal authority defining freedom of association in the way that Plaintiff frames it in her Complaint. Accordingly, the Court finds that the Complaint does not allege a plausible claim for a violation of freedom of expressive association.

---

[26] *Roberts v. U.S. Jaycees*, 468 U.S. 609, 622 (1984).

[27] *Boy Scouts of Am. v. Dale*, 530 U.S. 640, 648 (2000).

[28] *City of Dallas v. Stanglin*, 490 U.S. 19, 25 (1989).

[29] *Roberts*, 468 U.S. at 622.

[30] *Dale*, 530 U.S. at 648.

[31] *Stanglin*, 490 U.S. at 25 (quoting *Bd. of Directors of Rotary Int'l v. Rotary Club of Duarte*, 481 U.S. 537, 548 (1987)).

Next, Plaintiff argues that the Complaint plausibly alleges that she was "deprived of meaningful access to the District's programs, services, and activities" when the District's unbearably racist environment forced her grades to drop and she was barred from the team.[32]

To allege a protected property interest, a plaintiff must establish that they have a federally-protected property right.[33] "The Supreme Court defines 'property' in the context of the Fourteenth Amendment's Due Process Clause as a 'legitimate claim of entitlement' to some benefit."[34] These claims of entitlement generally "arise from independent sources such as state statutes, local ordinances, established rules, or mutually explicit understandings."[35] The Supreme Court has stated that the right to a public education is a constitutionally protected right.[36] However, the Tenth Circuit has made clear that a constitutionally-protected property right does not extend to "the innumerable separate components of the educational process, such as participation in athletics and membership in school clubs."[37] Accordingly, Plaintiff's participation on the school basketball team is not a constitutionally-protected property right sufficient to support her Second Cause of Action.

Plaintiff also argues the Complaint alleges that Defendants deprived her of the right to a public education because the District's environment forced her to let her grades fall. In *Seamons*

---

[32] Docket No. 2 ¶ 56.

[33] *Hyde Park Co. v. Santa Fe City Council,* 226 F.3d 1207, 1210 (10th Cir. 2000) ("[T]o prevail on either a procedural or substantive due process claim, a plaintiff must first establish that a defendant's actions deprived plaintiff of a protectible property interest").

[34] *Id.* (quoting *Bd. of Regents v. Roth,* 408 U.S. 564, 577 (1972)).

[35] *Dickeson v. Quarberg,* 844 F.2d 1435, 1437 (10th Cir. 1988) (citation omitted).

[36] *Goss v. Lopez*, 419 U.S. 565, 574–75 (1975) (finding that student suspensions could not be issued without due process).

[37] *Seamons v. Snow,* 84 F.3d 1226, 1235 (10th Cir. 1996) (citing *Albach v. Odle*, 531 F.2d 983, 985 (10th Cir. 1976)).

*v. Snow*, the Tenth Circuit explained that "[t]he word 'deprive' in the Due Process Clause indicates that something more than mere negligence is required to trigger the protections of the Clause."[38] Instead, "there must be an element of deliberateness in directing the misconduct toward the plaintiff before the Due Process Clause is implicated."[39] In that case, the Tenth Circuit determined that since the student and his parents, not school officials, made the decision to transfer to another school, the "complaint stop[ed] short of alleging school district officials took any deliberate action to remove him from school."[40] Although the Complaint alleges that Plaintiff experienced harassment and this harassment was a factor in her decision, she admits in her Complaint that she acted deliberately to reduce her grades. Therefore, like the plaintiff in *Seamons*, she has not alleged sufficient facts supporting that Defendants took any deliberate action that deprived her of educational experiences. Accordingly, the Court finds the Complaint fails to allege a constitutionally protected property interest and will grant dismissal as to the Due Process Claim.

Plaintiff also argues that the Complaint properly alleges a violation of her Fourteenth Amendment right to equal protection. However, the Complaint does not include an equal protection claim. Notably, aside from quoting the Fourteenth Amendment, equal protection is not mentioned in the Complaint. A claim must be clearly stated in the complaint and must be supported by sufficient facts to support that the claim is plausible on its face. An equal protection argument, therefore, cannot save Plaintiff's Second Cause of Action from dismissal.

---

[38] *Id.* at 1234 (citation omitted).

[39] *Id.* (internal quotation marks and citation omitted).

[40] *Id.*

## IV. CONCLUSION

It is therefore

ORDERED that Defendant Davis County School District's Partial Motion to Dismiss for Failure to State a Claim (Docket No. 15) is GRANTED; It is further

ORDERED that Defendant Robert Reisbeck's Motion to Dismiss for Failure to State a Claim (Docket No. 16) is GRANTED.

DATED: September 15, 2025.

BY THE COURT:

_____
TED STEWART
United States District Judge