IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| EBONY DAVIS,<br><br>                    Plaintiff,<br><br>v.<br><br>DAVIS COUNTY SCHOOL DISTRICT, a county school district, and ROBERT REISBECK, an individual.<br><br>                    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO AMEND<br><br>Case No. 1:24-cv-00190-TS-CMR<br><br>District Judge Ted Stewart<br>Magistrate Judge Cecilia M. Romero |

This matter is before the Court on Plaintiff's Motion to Amend Complaint.[1] For the reasons discussed below, the Court will grant the Motion.

## I. BACKGROUND

Plaintiff's original complaint alleged a violation of Title VI against Defendant Davis County School District (the "District") and a violation of her constitutional rights to freedom of association and due process under 42 U.S.C. § 1983 against both the District and Defendant Robert Reisbeck, who was the District's athletic director and coach of the girls' varsity basketball team at Plaintiff's high school.[2] Following Defendants' respective motions to dismiss for failure to state a claim,[3] the Court dismissed Plaintiff's § 1983 claims against both Defendants.[4] Plaintiff then filed the present Motion to Amend, seeking to add a claim against both Defendants under 42 U.S.C. § 1981 (the "Proposed First Amended Complaint").[5] The

---

[1] Docket No. 28.

[2] Docket No. 2.

[3] Docket Nos. 15, 16.

[4] Docket No. 27.

[5] Docket No. 28-1.

District does not oppose amendment.[6] Defendant Reisbeck filed a Response opposing amendment on the basis of futility.[7] In her Reply, and in response to Reisbeck's arguments, Plaintiff filed a revised amended complaint (the "Second Amended Complaint").[8]

## II. LEGAL STANDARD

A party may amend its pleading with the Court's leave, and the Court should give leave when justice so requires.[9] The decision of whether to provide a party with leave to amend pleadings "is within the discretion of the trial court."[10] "[A] district court may deny leave to amend where amendment would be futile. A proposed amendment if futile if the complaint, as amended, would be subject to dismissal."[11]

Courts apply Rule 12(b)(6) standards in evaluating whether the claim would be subject to dismissal. The Court accepts all well-pleaded factual allegations, as distinguished from conclusory allegations, as true and views them in the light most favorable to the non-moving party.[12] Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face,"[13] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[14] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the

---

[6] Docket No. 30.

[7] Docket No. 31.

[8] Docket No. 32-1.

[9] See Fed. R. Civ. P. 15(a)(2).

[10] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 401 U.S. 321, 330 (1971)).

[11] *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (internal citation omitted).

[12] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[13] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s] devoid of 'further factual enhancement.'"[15]

### III. DISCUSSION

Plaintiff's Proposed First Amended Complaint sought to add a claim under 42 U.S.C. § 1981 against both Defendants. The District does not oppose amendment. Defendant Reisbeck, however, argues that amendment would be futile for the following three reasons: § 1981 does not provide a cause of action against state actors; there is no contractual relationship between Plaintiff and Reisbeck; and lastly, even if Plaintiff were able to state a claim, Reisbeck is protected by qualified immunity.

In response to Reisbeck's argument that § 1981 does not support a claim against state actors, Plaintiff filed her Proposed Second Amended Complaint in which she properly pled an alleged violation of § 1981 under 42 U.S.C. § 1983.[16] In *Jett v. Dallas Independent School District*,[17] the Supreme Court held § 1983 to be the "explicit remedial provision" for claims "brought against state actors alleging violation of the rights declared in § 1981."[18] Thereafter, in *Bolden v. City of Topeka, Kansas*,[19] the Tenth Circuit reversed a district court's dismissal of a plaintiff's § 1981 claim for failure to seek such relief under § 1983.[20] There, the court reasoned that "the thrust of *Jett* was not to impose a technical pleading requirement but to clarify that a § 1981 claim against a local government cannot be predicated on respondeat superior."[21] The court

---

[15] *Id.* (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original).

[16] Docket No. 32-1.

[17] 491 U.S. 701 (1989)

[18] *Id.* at 731.

[19] 441 F.3d 1129 (10th Cir. 2006).

[20] *Id.* at 1134.

[21] *Id.*

noted that the plaintiff could have escaped dismissal had he merely sought relief under § 1983, and concluded that "[d]ismissal on such a technical ground, without leave to amend, would rarely be appropriate."[22]

Accordingly, although Plaintiff did not comply with DUCivR 15-1 by including her Second Amended Complaint in her Reply, given the holding in *Bolden* and that Defendant Reisbeck anticipated and provided argument regarding the Second Amended Complaint,[23] the Court will use that Complaint for purposes of evaluating amendment and futility.

*Equal Benefits Clause*

In the Second Amended Complaint, Plaintiff alleges that Defendants violated her right to "equal benefit of the laws" under § 1981 when she was subject to "daily racial harassment, humiliation, and bullying . . . from students . . . and . . . Coach Reisbeck."[24] Defendant Reisbeck argues that § 1981 is limited to contractual relationships and Plaintiff has no such relationship with Reisbeck and thus amendment would be futile. Plaintiff argues that the "equal benefits" clause is independently actionable and separate from the "make and enforce contracts" clause.

42 U.S.C. § 1981 provides, in relevant part, "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." Further, subsection (c) of § 1981, added in 1991, provides that "[t]he rights protected by this section are

---

[22] *Id.*

[23] Docket No. 31, at 6 (briefing the issue of futility after "assuming Plaintiff may be granted leave to allege a claim under § 1983 against Defendant Reisbeck").

[24] Docket No. 32-1 ¶ 74.

protected against impairment by nongovernmental discrimination and impairment under color of State law."[25]

The Tenth Circuit has not explicitly recognized the existence of an equal benefits claim under § 1981. However, various circuit courts[26] and many district courts within the Tenth Circuit, including within the District of Utah,[27] have concluded that the equal benefits clause creates a cause of action separate and distinct from the make and enforce contracts clause. The Court agrees with the decisions of these courts.

To state a prima facie discrimination claim under § 1981, a plaintiff must show: "(1) that the plaintiff is a member of a protected class; (2) that the defendant had the intent to discriminate on the basis of race; and (3) that the discrimination interfered with a protected activity as defined in § 1981."[28] Regarding the third element, "[a] litigant must demonstrate the denial of the benefit of a law or proceeding protecting his or her personal security or cognizable property right."[29]

---

[25] 42 U.S.C. § 1981(c).

[26] *See Mahone v. Waddle*, 564 F.2d 1018, 1029 (3d Cir. 1977) *cert. denied*, 438 U.S. 904 (1978); *Arnold v. Bd. of Educ. of Escambia Cnty. Ala.*, 880 F.2d 305, 317 (11th Cir. 1989) *overruled on different grounds by Eknes-Tucker v. Governor of Ala.*, 80 F.4th 1205 (11th Cir. 2023); *Phillip v. Univ. of Rochester*, 316 F.3d 291, 295 (2d Cir. 2003) (determining that "individuals can deprive others of the equal benefit of laws and proceedings designed to protect the personal freedoms and property rights of the citizenry"); *Chapman v. Higbee Co.*, 319 F.3d 825, 833 (6th Cir. 2003) (concluding that "section 1981 plainly protects against impairment of its equal benefit clause by private discrimination").

[27] *Green v. Wal-Mart Stores, Inc.*, No. 2:09CV00457, 2010 WL 3260000, at *4–5 (D. Utah Aug. 18, 2010); *Hester v. Wal-Mart Stores, Inc.*, 356 F. Supp. 2d 1195, 1199 (D. Kan. 2005) ("This court believes that the Tenth Circuit would hold that state action is not required to state a 'full and equal benefit' claim under section 1981."); *Lee v. Brown Grp. Retail, Inc.*, No. CIV.A. 03-2304-GTV, 2003 WL 22466187, at *4 (D. Kan. Oct. 6, 2003); *Hunter v. The Buckle, Inc.*, 488 F. Supp. 2d 1157, 1173 (D. Kan. 2007); *Creek Red Nation, LLC v. Jeffco Midget Football Ass'n, Inc.*, 175 F. Supp. 3d 1290, 1295 (D. Colo. 2016).

[28] *Hampton v. Dillard Dep't Stores, Inc.*, 247 F.3d 1091, 1101–02 (10th Cir. 2001).

[29] *Green*, 2010 WL 3260000, at *6.

The Second Amended Complaint alleges that Plaintiff is a member of a protected class[30] and that Defendants "intentionally or with deliberate indifference discriminated against Plaintiff . . . because of her race."[31] Specifically, the Complaint alleges that Defendant Risbeck and other students "repeatedly degrade[d], humiliate[d], harass[ed], and bull[ied]" Plaintiff by, for example, stating that "'money' was a 'white person' problem," "[the] white team needs hop" when putting Plaintiff in to play, and other racially charged comments.[32] The Complaint alleges this harassment was "the result of a longstanding policy in the District to discriminate against Black students."[33] The Complaint further alleges that the discrimination deprived Plaintiff of the full and equal benefit of "Utah law prohibiting bullying and abusive conduct" by school staff, and that the anti-bullying provisions were designed for the purpose of securing students' personal safety.[34] Accordingly, Plaintiff has plausibly stated a claim under § 1981.

*Qualified Immunity*

Alternatively, Defendant Reisbeck argues that amendment is futile because he is entitled to qualified immunity. "[G]overnment officials performing discretionary functions are generally shielded from liability for civil damages insofar as their conduct does not violate a clearly established statutory or constitutional rights of which a reasonable person would have known."[35] In showing that a right was clearly established, "the alleged unlawfulness of the defendant's

---

[30] Docket No. 32-1 ¶ 16.

[31] *Id.* ¶ 45.

[32] *Id.* ¶¶ 62–68.

[33] *Id.* ¶ 48.

[34] *Id.* ¶ 61; *see* Utah Code Ann. § 53G-9-601, *et seq*.

[35] *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

conduct must be apparent in light of preexisting law."[36] "A clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right."[37] While a Supreme Court or Tenth Circuit decision can clearly establish a right, "a case directly on point is not required so long as existing precedent has placed the statutory or constitutional question beyond debate."[38]

Defendant argues that "there is . . . no caselaw putting him on notice that he had a contractual relationship with Plaintiff, and that the asserted conduct attributed to him would be a violation of 42 U.S.C. § 1981."[39] However, Plaintiff's § 1981 claim against Defendant Reisbeck is not based on an impaired contractual relationship and neither is the asserted established right. Rather, the established right is to be free from racial discrimination in public schools. This statutory and constitutional right is beyond debate.[40] This right also "appl[ies] with obvious clarity to the specific conduct in question,"[41] such that any reasonable coach or school official in Utah would know that bullying or harassing a student based on their race would violate the right to be free from racial discrimination in public schools. Here, this is especially true given that the

---

[36] *Armijo ex rel. Chavez v. Wagon Mound Pub. Schs.*, 159 F.3d 1253, 1260 (10th Cir. 1998) (citation omitted).

[37] *A.N. ex rel. Ponder v. Syling*, 928 F.3d 1191, 1197 (10th Cir. 2019) (quoting *Mullenix v. Luna*, 577 U.S. 7, 11 (2015)).

[38] *Id.* (internal quotation marks and citation omitted).

[39] Docket No. 31, at 9.

[40] *McLaurin v. Okla. State Regents for Higher Ed.*, 339 U.S. 637, 642 (1950) (concluding that the Constitution "precludes differences in treatment by the state based upon race," and that students "must receive the same treatment at the hands of the state."); *Sturdivant v. Fine*, 22 F.4th 930, 938, 939 (10th Cir. 2022) (concluding that, "[g]iven the long-standing recognition of an African-American student's right to equal treatment," a high school dance coach "had fair notice that the Equal Protection Clause would prohibit her orchestration of racially motivated boycott."); Utah Code Ann. § 53G-9-601, *et seq.*

[41] *A.N.*, 928 F.3d at 1198 (internal quotation marks and citation omitted).

District was required to train staff about racial harassment pursuant to a settlement agreement[42] with the Department of Justice after it found the District was deliberately indifferent to known student harassment based on race and that the District's discipline practices violated Black students' equal protection rights.[43] Accordingly, the Court agrees with Plaintiff that "[a] teacher who bullies and harasses a student because they are black is on sufficient notice that their actions violate clearly-established law."[44] Finally, the Court declines Defendant's request to strike certain allegations as it is improper to request affirmative relief in response to a motion.[45]

IV. CONCLUSION

It is hereby

ORDERED that Plaintiff's Motion to Amend Complaint (Docket No. 28) is GRANTED. It is further

ORDERED that Plaintiff separately file Docket No. 32-1, which will be the operative Complaint going forward.

DATED June 8, 2026.

BY THE COURT:

Ted Stewart
United States District Judge

---

[42] Settlement Agreement Between the United States of America and the Davis School District (2021), https://le.utah.gov/interim/2023/pdf/00004625.pdf.

[43] Letter from U.S. Dep't of Justice, Civil Rights Div., to Benjamin Onofrio, Gen. Counsel, Davis Sch. Dist. (Sept. 15, 2021), https://www.justice.gov/crt/case-document/file/1443736/dl.

[44] Docket No. 32, at 7.

[45] DUCivR 7-1(a)(3) ("A party may not make a motion . . . or a cross-motion in a response or reply. Any motion must be separately filed.").